Date signed March 31, 2005



UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | |
|---|---|
| **In re:** | : |
| **Jerry White** | : |
| | :    **Case No.: 03-20579** |
| | :    **Chapter 13** |
| | : |
| **Debtor.** | : |

### MEMORANDUM OPINION ON DEBTOR'S OBJECTION TO COUNTRYWIDE MORTGAGE INC.'S PROOF OF CLAIM

Jerry White ("Debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on December 15, 2003, and on that day an order for relief was duly entered. Presently before the court is the continued hearing on the **DEBTOR'S OBJECTION TO COUNTRYWIDE MORTGAGE, INC, PROOF OF CLAIM** ("Objection"). Related matters involving the same parties are also pending and are to be decided by Hon. Nancy Alquist, who commenced hearings on such matters and the Objection on March 28, 2005.

The continued hearing on Objection was held on March 31, 2005. Additional testimony was adduced from the Debtor. After hearing from counsel, the matter was taken under advisement.

Countrywide Home Loans, Inc. ("Countrywide"), as agent for The Secretary of Veterans Affairs ("VA"), originally filed a proof of claim on behalf of the VA asserting a claim in the amount

of $176,274.51. Such claim is based upon a promissory note and deed of trust affecting the Debtor's residence. Countrywide subsequently amended the proof of claim on two separate occasions. The most recent, filed February 26, 2005, is for $292,602.08.

The Debtor's objection to the Countrywide claim is based solely upon the amount of the claim as the Debtor does not contest the execution of the note and deed of trust nor perfection. The Debtor contends that the Countrywide claim should be limited to the principal amount of $115,691.91, plus post-petition defaults totaling $10,884.64.

The Debtor and his spouse, now deceased, executed a deed of trust in 1987 regarding their residence in Lanham, Maryland. Upon their default, the Debtor began a series of meetings with representatives of the VA which was a guarantor on the note. The default was apparently triggered by a job-related injury sustained by the Debtor, who, as the same time was diagnosed with other life-threatening illness. The VA subsequently acquired the loan by assignment and thus became the beneficiary of the deed of trust.

The Debtor testified that in August 1992, he met with a representative of the VA, a Ms. McDougall, to discuss his various problems. He indicated that he was "put in a forbearance plan" and, further, that Ms. McDougall told him "not to worry" since he had done just about all he could do. That being said, the Debtor made no payments on account of the note and deed of trust for some 10 or 11 years. He now takes the position that not only was a forbearance plan in place, but that the court should find that interest and other obligations under the note and deed of trust were suspended during such period. For the following reasons, the court disagrees.

Rule 3001(f), Federal Rules of Bankruptcy Procedure, provides that a proof of claim "executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." The Debtor does not contest the validity, but does raise an

objection as to the amount of the claim. The court in the case of In re Hartford Sands, Inc., 372 F.3d 637, 640 (4th Cir. 2004), established the procedure by which objections to claims are to be resolved:

> The Bankruptcy Code establishes a burden-shifting framework for proving the amount and validity of a claim. The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr.P. 3001(f). The burden then shifts to the debtor to object to the claim. 11 U.S.C. § 502(b); *Finnman,* 960 F.2d at 404. The debtor must introduce evidence to rebut the claim's presumptive validity. Fed. R. Bankr.P. 9017; Fed.R.Evid. 301; 4 *Collier* at ¶ 501.02[3][d]. If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence. [footnote omitted] *Id.* at ¶ 502.02[3][f].

The inquiry in the instant case, therefore, is whether the Debtor has introduced sufficient evidence to rebut the presumptive validity of the Countrywide claim.

While the Debtor introduced several exhibits, there is no documentary evidence to support his claim that all obligations under the note and deed of trust were suspended as a result of his meetings with Ms. McDougall. There is evidence in the record, however, that in February 1992, the Debtor, his spouse, and the VA executed an EXTENSION AND MODIFICATION OF DEED OF TRUST NOTE AND DEED OF TRUST. This document evidences a default by the borrowers and a restructure of the obligations due under the note and deed of trust. While there was a modification of such obligations, this document does not in any way suggest that future payments were not required nor that interest would not accrue. The document does just the opposite.

There are other indications that the Debtor's recitation of the intent of the negotiations is misplaced. This is the Debtor's fourth chapter 13 case. The prior cases were filed in November 1993, 2002, and May 2003. Those prior cases, as well as the instant case, were all filed in an effort to stop foreclosure proceedings. Each of the prior cases were dismissed.

In the May 2003 case, the Debtors' plan proposed to pay the 100% of the arrearage claim of the VA in the amount of $22,000.00. This judicial admission of an arrearage claim, in whatever

amount, contradicts the Debtor's testimony that interest and other obligations under the note and deed of trust were suspended and not accruing.

The court concludes that the Debtor has not satisfied his burden of rebutting the prima facie valid Countrywide claim.  While the court acknowledges that counsel for the Debtor is correct is pointing out that this matter "fell between the cracks" of both the VA and Countrywide, the fact remains that the Debtor's obligations under the note and deed of trust continued to accrue during this extended period of time and that the amounts set forth on the Second Amended Proof of Claim are supported in fact.

For the reasons set forth hereinabove, the Objection is OVERRULED and a Final Order will be entered.

Cc:
Jerry White, Debtor
Fred A. Thompson, Esq.
Laura O'Sullivan, Esq.
Chapter 13 Trustee